IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ABBY JO OVITSKY,                                    No. 3:12-cv-2250-AA
                                                    OPINION AND ORDER

            Plaintiff,

      vs.

WASHINGTON COUNTY VICTIM
ASSISTANCE, WASHINGTON COUNTY
SHERIFF'S OFFICE, MICHELE C. RINI,
SB 924360, sued personally and as
Judge Pro Tem of the WASHINGTON
COUNTY CIRCUIT COURT, JUVENILE
JUSTICE DEPARTMENT,

            Defendants.
_____

Abby Jo Ovitsky
6900 SW 195th Avenue 133
Beaverton, Oregon 97007-5539
      Plaintiff Pro Se

Chelsea Glynn
Assistant County Counsel
Office of Washington County Counsel
155 N. First Ave., Suite 340-MS 24
Hillsboro, Oregon 97124-3072
      Attorney for Washington County Sheriff
      Pat Garrett, Alan Rappleyea, and Lynn Schroeder

Page 1 - OPINION AND ORDER

Ellen F. Rosenblum
Attorney General
Michael R. Washington
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
    Attorneys for Honorable Michele C. Rini

AIKEN, Chief Judge:

Pending are three separate motions to dismiss filed by (1) defendants Alan Rappleyea and Lynn Schroeder; (2) Judge Michele C. Rini; and (3) Washington County Sheriff Pat Garrett. Defendants Rappleyea and Schroeder's motion, as well as Garrett's motion to dismiss are granted, however, plaintiff is granted leave to amend her complaint and file an amended complaint within 20 days of the date of this Order; defendant Rini's motion to dismiss is also granted, and Rini is dismissed from this lawsuit.

<u>BACKGROUND</u>

Plaintiff, appearing pro se, is a hearing impaired individual who uses Relay, a service that allows hearing impaired individuals to communicate with others. The communication service works through an operator, who reads what the hearing impaired individual types aloud, and will type to the hearing impaired individual what another person speaks in response. Plaintiff attended three court hearings via Relay on October 2, October 10, and November 6, 2012 presided over by defendant Washington County Judge Michele Rini. Plaintiff appeared and testified as a witness in a juvenile matter involving her son.

Page 2 - OPINION AND ORDER

Plaintiff seemingly alleges she was discriminated against during those hearings when she testified using the Relay service, and Judge Rini failed to accommodate a slowdown of the Relay operation to 60 words per minute.  Plaintiff alleges that during those hearings the parties were speaking too quickly for plaintiff to listen and understand the proceedings.

<u>STANDARDS</u>

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Plaintiff must give "fair notice," however of the claim being asserted and the "grounds upon which it rests." <u>Id.</u>  The complaint must allege "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true.  <u>Rosen v. Walters</u>, 719 F.2d 1422, 1424 (9th Cir. 1983).  Only pleaded facts, however, as opposed to legal conclusions, are entitled to an assumption of truth. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009).

DISCUSSION

1. Defendants Alan Rappleyea and Lynn Schroeder

A. ALAN RAPPLEYEA

Plaintiff lists Alan Rappleyea as a party to this lawsuit in her complaint, however, she fails to allege any facts or conduct on his behalf.  Mr. Rappleyea is not named in the caption, nor has he been served.  For these reasons, Mr. Rappleyea is dismissed from this lawsuit and defendants' motion is granted in this regard.

B. LYNN SCHROEDER

Ms. Schroder is the Director of defendant Washington County Juvenile Victim Assistance Services ("WCVS").  Plaintiff makes the following allegations against defendant WCVS:

- "[WCVS] does owe a deaf victim a fiduciary duty to look after her best interest, to not blame the victim, nor bully nor threaten to fine or imprison her for asking for a language accommodation or to dictate to her what her form of communication and personal language should be or are."  Complaint, p. 6.

- "[WCVS] failed to make arrangements for a reasonable accommodation to appear and give testimony in Washington County Circuit Court No. J120389."  Complaint, pl. 9.

- "WCSO and WCVS have together engaged in a systematic pattern of conduct that led to a specific injury, to wit, plaintiff's mother passed away on 11.23.12 after defendants failed to allow minor to

Page 4 - OPINION AND ORDER

pay last respects." Complaint, p. 15.

- "Moreover, WCVS tried to get plaintiff to accept an unacceptable plea bargain arrangement in order to be 'free' to visit her dying mother, essentially WCVS offered her a choice between justice and family; (2) preventing plaintiff and her only child from visiting her dying mother 'constitutes extraordinary transgression of the bounds of socially tolerable conduct,' in which any reasonable jury would agree with unanimously; (3) Defendant knew their behavior would cause such distress and did it with full knowledge, intention and malice to punish the victim only because she is deaf asking for a slowdown." Complaint, p. 16.

- "A genuine dispute exists as to whether plaintiff had a privacy interest in her own home violated by intrusions from WCSO and WCVS long after she asked them to cease and desist from bothering her while she is secluded in mourning for her dead mother[.]" Complaint, p. 18

The allegations quoted above are legal conclusions that plaintiff's rights were violated without specifying who violated her rights, and how and when those rights were violated. Plaintiff references three hearing dates alleging that parties were speaking too quickly for plaintiff to understand, however, those three hearing dates have no connection to Ms. Schroder. There is no allegation or evidence that Ms. Schroeder even

Page 5 - OPINION AND ORDER

attended these hearings, and similarly no allegation or evidence that she had any control or input as to the speed at which the participants spoke.

Further, if the court assumes that plaintiff is suing Ms. Schroder in her individual capacity under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, that claim must fail.  The Ninth Circuit has held that Title II bars a section 1983 action against a defendant in her individual capacity predicated upon a Title II violation.  Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).  Therefore, that claim must be dismissed.

Finally, plaintiff names "Washington County Victims Assistance" as a defendant in her Complaint.  A claim against a local government official in an official capacity is treated as a suit against the governmental entity.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  WCVS, however, is not a governmental entity subject to suit.  Plaintiff has not named or served Washington County in this lawsuit.  Plaintiff has sent a copy of the summons and complaint to Ms. Schroeder by certified mail.  A local government must be served by delivery of a copy of summons and complaint to the chief executive officer of the government body involved; or by service in accordance with Oregon law.  Fed. R. Civ. P. 4(j)(2).  Under Oregon law, a county must be served by personal service or office service upon an officer,

Page 6 - OPINION AND ORDER

director, managing agent, or attorney.  ORCP 7D(3)(h).  For these
reasons, plaintiff's complaint against Lynn Schroder is dismissed
and defendants' motion to dismiss is granted.


2. Defendant Judge Michele C. Rini

     Plaintiff alleges that Judge Rini violated her rights
pursuant to the ADA by failing to reasonably accommodate her with
a proper relay service so that she could participate in a
judicial proceeding. Specifically, plaintiff alleges that Judge
Rini failed to slow down the pace of the testimony of the
witnesses and counsel so plaintiff could use her relay service to
participate at the hearings. Plaintiff also alleges that Judge
Rini subjected her to intentional infliction of emotion distress
by failing to allow her son, who was being adjudicated as a
juvenile delinquent, to leave the state to see his grandmother
who was dying in the State of Florida.

     "The doctrine of absolute judicial immunity protects judges
from liability for all actions taken in their judicial
capacities, so long as they do not act in clear absence of all
jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991).  This
immunity protects judicial officers not only from liability, but
also from suit.  Id. at 11.  Absolute judicial immunity is
overcome in only two narrow sets of circumstances: "first, a
judge is not immune from liability for nonjudicial actions, i.e.,

Page 7 - OPINION AND ORDER

actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." Id. at 11-12. Plaintiff has not alleged that either circumstance occurred here.

In determining whether a judge's action were "judicial in nature," the federal courts consider whether "(1) the precise act complained of is a normal judicial function; (2) the act occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) the controversy centered around a case pending before the court; and (4) the acts arose directly out of a visit to the judge in his official capacity." Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1994). "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" Mireles, 502 U.S. at 12. These four factors are broadly construed in favor of immunity and the absence of one or more factors does not prevent a determination that judicial immunity applies in a particular case. Malina, 994 F.2d at 1124.

Here, the acts at issue were judicial in nature. Judge Rini's acts, based on plaintiff's allegations, consisted of presiding over a juvenile proceeding involving plaintiff's son and not ordering witnesses to slow their testimony down so that plaintiff's federal relay machine would work properly. The

actions about which plaintiff complains were clearly judicial in
nature and those actions are subject to judicial immunity.
Moreover, plaintiff challenges Judge Rini's authority based on
her position as a judge pro tempore instead an an elected judge.
That argument has no merit.  Pursuant to Or. Rev. Stat. 1.615(3)
regarding the "Appointment pro tempore to tax court or circuit
court; powers and duties" provides in part that, "[e]ach judge
assigned as provided in this section has all the judicial powers
and duties, while serving under the assignment, of a regularly
elected and qualified judge of the court to which the judge is
assigned."  Therefore, Judge Rini has jurisdiction to take the
actions she did under these circumstances and no clear absence of
jurisdiction existed due to her being a judge pro tempore instead
of a elected judge.

    Plaintiff also argues that Judge Rini did not have
jurisdiction over her because she was a witness and not a party
to the underlying juvenile proceeding.  This argument also lacks
merit.  Plaintiff admits that she is the parent of the youth that
was the subject of the juvenile proceedings before Judge Rini.
Pursuant to Or. Rev. Stats. § 419C.285(4), 45.285(2), Judge Rini
had jurisdiction over plaintiff during the proceedings in which
she alleges that her rights pursuant to the ADA were violated.

    Finally, plaintiff appears to argue that Judge Rini
discriminated against her pursuant to Title II of the ADA by

failing to order that witnesses and counsel slow down their testimony pace in a juvenile court proceeding in which plaintiff was a party.  Title II of the ADA applies to discrimination in public services.  42 U.S.C. §§ 12131-12165.  There is no provision in Title II for individual liability, therefore plaintiff's claim against Judge Rini pursuant to the ADA fails.

In conclusion, due to the doctrine of absolute judicial immunity, Judge Rini is protected from liability as well as from suit.  Plaintiff's claims against Judge Rini are dismissed in their entirely with prejudice.  Defendant Rini's motion to dismiss is granted.

3. Defendant Pat Garrett

Plaintiff's first claim for relief against Sheriff Garrett is for harrassment pursuant to Or. Rev. Stat. 166.065. Harassment, however, is a crime and does not provide a civil claim for relief.  This claim is dismissed.

Plaintiff next argues that Sheriff Garrett defamed plaintiff by expressing his opinion that plaintiff was "rude."

> Several emails and relay calls prior to the arrest of minor profiled plaintiff as "rude" and upon information and belief, Sheriff Garrett is the source of this "rude" comment, without ever meeting plaintiff, hearing or seeing her, and based only on her demand that his office use a deaf service to investigate minor's activities and to determine if they are criminal or not criminal.

Complaint. p. 10.

A statement of opinion is not actionable.  <u>Milkovich v.</u>

Page 10 - OPINION AND ORDER

Lorain Journal co., 497 U.S. 1, 19-20 (1990). Any comment made
by Sheriff Garrett that in his opinion plaintiff is "rude" is
protected under the First Amendment and not actionable.

Sheriff Garrett is referenced only one other time in
plaintiff's complaint:

> The County was notified of a problem via email and other
> relay calls, many dozens of times over the past few months,
> not just the named defendants but County Commissioner
> Dick Shouten and his assistant, Rod Rice.  Sheriff Garrett
> was aware of the need for relay in May 2012.

Complaint, p. 7.

The mere fact that Sheriff Garrett was aware of plaintiff's
need for rely services in May 2012 is insufficient to support a
claim for relief.  Finally, although Sheriff Garrett is listed as
a defendant on page 3 of the Complaint, the caption of the
Complaint lists Washington County Sheriff's Office as a defendant
but not Sheriff Garrett.  The Washington County Sheriff's Office
is not a legal entity subject to suit.

In response to Garrett's motion to dismiss, plaintiff
alleges a discrimination claim under Title II of the ADA against
Sheriff Garrett based on his individual actions.  Despite the
fact that this claim was not pled in the complaint, the court
notes that plaintiff is barred from bringing a Title II § 1983
claim against a defendant in his individual capacity.  Vinson,
288 at 1156.  Therefore, any such claim would be dismissed.  The
court also notes that Garrett was not sued in his official

Page 11 - OPINION AND ORDER

capacity and the Washington County Sheriff's Office is not a governmental entity subject to suit.  Plaintiff has failed to name Washington County in this lawsuit, and instead, sent a copy of the summons and complaint to Sheriff Garrett by certified mail. Therefore, plaintiff's Title II claim of the ADA is dismissed.

Similarly, in her response to Garrett's motion to dismiss, plaintiff asserts an invasion of privacy claim although fails to plead the claim in her complaint nor does she assert any facts relating to Garrett regarding this claim.  Therefore, if the court were to consider this a claim, it would be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Defendant Garrett's motion to dismiss is granted in its entirety.

CONCLUSION

Defendants Rappleyea and Schroder's motion to dismiss (doc. 39) and defendant Garrett's motion to dismiss (doc.  23) are granted.  Because the court is aware of plaintiff's pro se status, plaintiff is granted leave to amend her complaint in compliance with this Opinion and file an amended complaint within 20 days of the date of this Opinion and Order.  Defendant Rini's motion to dismiss (doc. 25) is granted and plaintiff's complaint is dismissed in its entirety as to all claims against defendant

Page 12 - OPINION AND ORDER

Rini with prejudice. Finally, plaintiff's motion to strike (doc. 29) and motion for judicial notice (doc. 30) are denied.

IT IS SO ORDERED.

Dated this 20th day of April 2013.


_____
                Ann Aiken
      United States District Judge

Page 13 - OPINION AND ORDER