IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ABBY JO OVITSKY,

      Plaintiff,

v.

STATE OF OREGON, WASHINGTON
COUNTY, WASHINGTON COUNTY
SHERIFF'S DEPARTMENT,
BEAVERTON SCHOOL DISTRICT,
and NEAL EVAN CUTLER,

      Defendants.

Case No. 3:12-cv-02250-AA
OPINION AND ORDER

---

Abby Jo Ovitsky
6900 S.W. 195th Avenue #133
Beaverton, Oregon 97007
    Pro se plaintiff

Chelsea Glynn
Assistant County Counsel
Office of Washington County Counsel
155 N. First Avenue, Suite 340-MS 24
Hillsboro, Oregon 97124
    Attorney for defendants Washington County and Washington
    County Sheriff's Department

Ellen F. Rosenblum
Attorney General
Michael R. Washington
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301
    Attorneys for defendant State of Oregon

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendants Washington County ("County") and the State of Oregon ("State") separately move to dismiss the claims asserted against them in pro se plaintiff Abby Jo Ovitsky's complaint.[1] For the reasons discussed below, these motions are granted.

## BACKGROUND

Plaintiff is a hearing impaired individual who uses Relay, a service that allows hearing impaired individuals to communicate with others. The communication service works through an operator, who reads what the hearing impaired individual types aloud and will type to the hearing impaired individual what another person speaks in response. From October 2012 through December 2012, plaintiff attended juvenile court hearings regarding her son via Relay, which were presided over by Washington County Judge Michele Rini.

On December 13, 2012, plaintiff filed a complaint against Washington County Victim Assistance, WCSD, Judge Rini, the Washington County Circuit Court, and the Juvenile Justice Department based on federal question jurisdiction in conformity with 28 U.S.C. § 1331. On January 7, 2013, the Court granted plaintiff's motion to proceed in forma pauperis ("IFP"). On April 20, 2013, this Court granted motions to dismiss from defendants Pat Garrett, Judge Rini, Alan Rappleyea, Lynn Schroeder, and WCSD; the

---

[1] The County also moves to dismiss plaintiff's claims against defendant Washington County Sheriff's Department ("WCSD") because it is not a separate legal entity subject to suit. The County is correct and therefore WCSD is dismissed as a defendant from this action. See Ovitsky v. Wash. Cnty. Victim Assistance, 2013 WL 1767946, *4 (D.Or. Apr. 20, 2013). Because, however, plaintiff is proceeding pro se in this matter, the Court construes plaintiff's allegations against WCSD as though they are asserted against the County.

Page 2 - OPINION AND ORDER

Court also granted plaintiff leave to amend her complaint.

On May 14, 2013, plaintiff filed her first amended complaint, alleging: (1) violation of 42 U.S.C. § 1983 against the Beaverton School District and WCSD; (2) discrimination based on disability in violation of Title II of the Americans with Disabilities Act ("ADA") against all defendants; (3) interference with seclusion in violation of Oregon's privacy laws against WCSD; (4) violation of the Rehabilitation Act against all defendants; (5) violation of Or. Rev. Stat. § 243.672 and Titles I and III of the ADA against the State; and (6) discrimination based on disability in violation of the Oregon Civil Rights Act against all defendants. Plaintiff's claims are premised, in part, on the alleged discrimination she experienced during her son's juvenile hearings because Judge Rini failed to accommodate a slowdown of the Relay operation to 60 words per minute; as a result, the parties were speaking too quickly for plaintiff to listen and understand.[2] On May 28, 2013, the County filed a motion to dismiss. On June 27, 2013, the State filed a motion to dismiss.

## STANDARDS OF REVIEW

Where the plaintiff effectuates insufficient service of process pursuant to Fed. R. Civ. P. 4, the court must dismiss the action. Fed. R. Civ. P. 12(b)(5). Nonetheless, "the provisions of Rule 4 should be given a liberal and flexible construction."

---

[2] While difficult to decipher, plaintiff's claims are also based on several other discrete factual scenarios. See generally Am. Compl.; Pl.'s Resp. to County's Mot. Dismiss; Pl.'s Resp. to States's Mot. Dismiss. These circumstances include, but are not limited to, a 911 call plaintiff placed with the County and job applications plaintiff filed with the State; it is unclear whether and/or how these events relate to her son's juvenile proceedings. Id.

Page 3 - OPINION AND ORDER

Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984) (discussing an earlier version of Fed. R. Civ. P. 4). As such, dismissal is not required "if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Id.

Similarly, where plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570(2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

## DISCUSSION

### I. The County's Motion to Dismiss

The County asserts that it is entitled to dismissal of plaintiff's Title II ADA claim because it is actually plead as a 42 U.S.C. § 1983 claim, such that the restrictions governing a § 1983

Page 4 - OPINION AND ORDER

claim apply. See County's Mem. in Supp. of Mot. Dismiss at 3-4, 6. Additionally, while the County does not individually address plaintiff's state law claims, it argues that they "cannot stand on their own [such that] [i]f Plaintiff's federal claims are dismissed, then this Court will cease having jurisdiction over the remaining state claims." Id. at 7.

A. Preliminary Matter

Initially, the Court notes that the County failed to address plaintiff's Rehabilitation Act and 42 U.S.C. § 1983 claims in its motion to dismiss.[3] See generally id. Thus, while the County argues that plaintiff's state law claims should be dismissed due to lack of supplemental jurisdiction, it neglected to establish that this Court is first without original jurisdiction. Nevertheless, the court must dismiss an IFP complaint sua sponte if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); see also Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).

i. Rehabilitation Act Claim

To establish a violation of the Rehabilitation Act, a plaintiff must allege that: (1) she is handicapped within the meaning of the Rehabilitation Act; (2) she is otherwise qualified for the benefit or services sought; (3) she was denied the benefit

---

[3] While the County failed to separately address plaintiff's claim against WCSD pursuant to 42 U.S.C. § 1983, the Court acknowledges that its arguments in favor of dismissal expressly discuss the requirements of this statute. See, e.g., County's Mem. in Supp. of Mot. Dismiss at 6. The Court notes further that, for the first time in its reply brief, the County argues that plaintiff's Rehabilitation Act claim should be dismissed. See County's Reply to Mot. Dismiss at 2-3.

Page 5 - OPINION AND ORDER

or services solely by reason of her handicap; and (4) the program providing the benefit or services receives federal financial assistance. <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1052 (9th Cir. 2002).

Here, plaintiff only states that she is handicapped within the meaning of the statute and that she has been denied the benefits of the County's programs. Am. Compl. ¶¶ 67-69. She does not, however, allege that she is qualified for the benefits sought or that the programs providing benefits receive federal financial assistance. <u>See generally id.</u>; Pl.'s Resp. to County's Mot. Dismiss. Moreover, it is unclear upon which factual circumstances this claim is based. Therefore, plaintiff's Rehabilitation Act claim against the County is dismissed.

### ii. 42 U.S.C. § 1983 Claim

In order to state a § 1983 claim against a government entity, the plaintiff must demonstrate a direct causal link between a governmental policy or custom and the alleged constitutional violation. <u>Monell v. Dep't of Soc. Serv. of City of N.Y.</u>, 436 U.S. 658, 694 (1978). The policy or custom must be a deliberate or conscious choice by a government entity's final policy-making official and cannot be imposed via respondeat superior. <u>Id.</u>; <u>see also</u> <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989); <u>Penbaur v. City of Cincinnati</u>, 475 U.S. 469, 483 (1986). Here, plaintiff neither alleges a specific constitutional violation nor does she identify a particular County policy or custom. <u>See generally</u> Am. Compl.; <u>see also</u> Pl.'s Resp. to County's Mot. Dismiss at 14, 36-37. Accordingly, plaintiff's 42 U.S.C. § 1983 claim against the County is dismissed.

Page 6 - OPINION AND ORDER

B. ADA Claim

In order to state a claim of disability discrimination under Title II of the ADA, a plaintiff must allege that: (1) she "is an individual with a disability"; (2) she "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities"; (3) she "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"; and (4) "such exclusion, denial of benefits, or discrimination was by reason of [her] disability." Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002), cert. denied, 538 U.S. 921 (2003).

The Court finds the County's motion unpersuasive to the extent it argues that plaintiff's Title II ADA claim should be dismissed because it is actually alleged as a 42 U.S.C. § 1983 claim and plaintiff did not identify a County policy or custom that caused her injury. Plaintiff's filings makes clear that her Title II claim is premised on disability discrimination in violation of the ADA. See Am. Compl. ¶¶ 49-56, 58-61; Pl's. Resp. to County's Mot. Dismiss at 9. Further, the County has not cited to, and the Court is not aware of, any authority that requires allegations beyond those articulated in Thompson, 295 F.3d at 895, to state a viable Title II ADA claim against a government entity. See generally County's Mem. in Supp. of Mot. Dismiss; County's Reply to Mot. Dismiss; see also 42 U.S.C. § 12132 (Title II of the ADA inheres specifically to public entities).

Nonetheless, plaintiff's claim fails at the pleadings level. See 28 U.S.C. § 1915(e)(2)(B); Lopez, 203 F.3d at 1126-27. While

Page 7 - OPINION AND ORDER

plaintiff recites a series of events that allegedly occurred between her and County employees, she does not explain how any of these events resulted in discrimination based on her disability. Specifically, although she states that the County refused to use Relay, and instead sent a deputy to her house to investigate a 911 call, she does not specify how this action led to the denial of some service, program, or activity she was qualified to participate in. See generally Am. Compl.; see also Pl.'s Resp. to County's Mot. Dismiss at 14. She also concludes that the County failed to accommodate her disability in various ways; however, plaintiff does not specify which particular County-provided services she was denied as a result of her hearing impairment. Id.

Even construing plaintiff's pro se pleadings in the most favorable and liberal light, vague and conclusory allegations such as these are insufficient to survive a motion to dismiss. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 923 n.4 (9th Cir. 2011), cert. denied, 132 S.Ct. 1000 (2012) (because pro se plaintiffs do not have the benefit of legal counsel, their pleadings are "held to less stringent standards" than those drafted by lawyers). Therefore, the County's motion is granted as to plaintiff's Title II ADA claim.

### C. State Law Claims

Contrary to the County's assertions, dismissal of federal claims does not automatically deprive a district court of subject matter jurisdiction over any supplemental claims. Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). Rather, where a district court dismisses "all claims over which it has original jurisdiction," it may, in its discretion, "decline to exercise

Page 8 - OPINION AND ORDER

supplemental jurisdiction" over pendent state law claims. 28 U.S.C. § 1367(c)(3); see also Lacey v. Maricopa Cnty., 649 F.3d 1118, 1137 (9th Cir. 2011).

Ordinarily, this Court would decline to exercise supplemental jurisdiction over a plaintiff's state law claims. Here, however, because plaintiff is proceeding pro se, and her complaint is being dismissed without prejudice, the Court will retain jurisdiction of these claims, at least at this stage in the proceedings, in order to briefly address their merits. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988) (retaining jurisdiction over pendent state law claims is appropriate where it serves the interests of efficiency and judicial economy).

### i. Civil Rights Act Claim

Oregon's Civil Rights Act prohibits discrimination in any place of public accommodation "on account of race, color, religion, sex, sexual orientation, national origin, marital status or age." Or. Rev. Stat. § 659A.403(1). A place of public accommodation defined as "a business or commercial enterprise that offers privileges or advantages to the public." Lahmann v. Grand Aerie of Fraternal Order of Eagles, 180 Or.App. 420, 429, 43 P.3d 1130 (2002); see also Or. Rev. Stat. § 659A.400. Plaintiff does not identify a place of public accommodation owned or operated by the County in which she allegedly experienced discrimination, and the County itself is neither a business nor commercial enterprise. See generally Am. Compl.; Pl.'s Resp. to County's Mot. Dismiss. In addition, while she alleges discrimination based on her disability, plaintiff does not include any allegations pertaining to race, color, religion, sex, sexual orientation, national origin, marital

Page 9 - OPINION AND ORDER

status, or age. Therefore, the County's motion is granted as to plaintiff's claim under Or. Rev. Stat. § 659A.403.

### ii. Privacy Law Claim

As this Court explained previously, Or. Rev. Stat. § 163.700 and Or. Rev. Stat. § 166.065 are criminal statutes that do not provide a civil cause of action. See Ovitsky, 2013 WL 1767946 at *4. Furthermore, neither statute applies here; the former governs the recording of another person in a state of nudity, without consent, for the purposes of sexual gratification and the latter deals with "offensive physical contact" or public insults "by abusive words or gestures in a manner intended and likely to provoke a violent response." See Or. Rev. Stat. §§ 163.700, 166.065. Plaintiff does not allege any facts indicating that such activities occurred in the case at bar. See generally Am. Compl.; Pl.'s Resp. to County's Mot. Dismiss. Therefore, the County's motion is granted.

## II. The State's Motion to Dismiss

The State argues that plaintiff's claims against it should be dismissed because the Eleventh Amendment applies to violations of Titles I and II of the ADA. The State also asserts that it is not a "private entity" within the meaning of Title III of the ADA. Additionally, the State contends that plaintiff inadequately plead a claim under the Rehabilitation Act. In the alternative, the State argues that plaintiff's claims should be dismissed for insufficient service of process.[4]

---

[4] Because, as discussed below, the State's motion is granted, the Court declines to address its insufficient service of process argument. Nonetheless, while not dispositive, the Court notes briefly that dismissal would not be required under

Page 10- OPINION AND ORDER

A.  Preliminary Matter

Like the County, the State failed to address all of the claims alleged against it, including plaintiff's claims under Or. Rev. Stat § 243.672 and the Oregon Civil Rights Act.  <u>See generally</u> State's Mem. in Supp. of Mot. Dismiss.  As discussed above, the court must dismiss an IFP complaint sua sponte if it "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B); <u>Lopez</u>, 203 F.3d at 1126-27.

i.  Or. Rev. Stat. § 243.672 Claim

Or. Rev. Stat § 243.672 governs unfair labor practices by public employers and prohibits discrimination in regard to hiring "for the purpose of encouraging or discouraging membership in an employee organization."  Or. Rev. Stat. § 243.672(1)(c).  In other words, this statute protects an individual's right to participate in a labor union.  <u>See generally</u> <u>id.</u>  Plaintiff has not alleged any facts indicating that the State participated in any of the behavior covered by this statute.  <u>See generally</u> Am. Compl.; Pl.'s Resp. to State's Mot. Dismiss.  Accordingly, plaintiff's Or. Rev. Stat. § 243.672 claim against the State is dismissed.

---

these circumstances.  <u>See</u> <u>Borzeka</u>, 739 F.2d at 447.  Plaintiff is proceeding pro se in this lawsuit and was granted IFP status.  As a result, the Court, to the best of its ability, effectuated service of process on her behalf.  <u>See</u> Am. Compl. ¶ 12; <u>see also</u> Pl.'s Proposed Summons to State; Washington Decl. ¶ 3 & Ex. 1. Further, the State acknowledges that it received actual notice of plaintiff's claims and, moreover, timely moved to dismiss plaintiff's complaint.  As such, the State does not argue, and the Court does not find, that the State suffered any prejudice as a result of plaintiff's allegedly insufficient service.  <u>See</u> <u>generally</u> State's Mem. in Supp. of Mot. Dismiss.

ii. Oregon Civil Rights Act Claim

As discussed above, Or. Rev. Stat. § 659A.403 prohibits discrimination in any place of public accommodation. Like the County, the State itself is neither a business nor a commercial enterprise. Moreover, while plaintiff asserts that she was discriminated against in state court due to her hearing impairment, she does not include any allegations concerning race, color, religion, sex, sexual orientation, national origin, marital status, or age. Therefore, this claim is dismissed.

B. Title II ADA Claim

The Eleventh Amendment prohibits a citizen from suing a state in federal court without its consent. Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 72-73 (2000). "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority,'" such as § 5 of the Fourteenth Amendment. Bd. of Tr. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Tennessee v. Lane, 541 U.S. 509, 517-18 (2004).

Under Title II of the ADA, Congress clearly intended to abrogate Eleventh Amendment immunity. Lane, 541 U.S. at 518 (citing 42 U.S.C. § 12202). Accordingly, the question here is whether Congress was acting pursuant to a valid grant of constitutional authority under § 5 of the Fourteenth Amendment. "Section 5 legislation is valid if it exhibits a congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end." Id. at 520 (citation and internal quotations omitted). This is an "as applied" test, meaning that a fact-specific inquiry is required. Id. at 532-34.

In Lane, the Supreme Court conducted this inquiry and determined that Title II did not exceed congressional authority under § 5 of the Fourteenth Amendment in cases that implicate the fundamental right of access to courts under the Due Process clause. Id. at 533-34 ("we find that Title II unquestionably is valid § 5 legislation as it applies to the class of cases implicating the accessibility of judicial services"). Subsequent cases interpreting Lane have refined this rule and hold that Title II of the ADA validly abrogates state sovereign immunity insofar as it creates a private cause of action for conduct that actually violates the Fourteenth Amendment. See United States v. Georgia, 546 U.S. 151, 158-59 (2006) ("[w]hile the Members of this Court have disagreed regarding the scope of Congress's 'prophylactic' enforcement powers under §.5 of the Fourteenth Amendment . . . no one doubts that § 5 grants Congress the power to 'enforce the provisions' of the Amendment by creating private remedies against the States for actual violations of those provisions") (citation and emphasis omitted). Thus, in order to determine whether plaintiff's Title II claim is precluded by the Eleventh Amendment, this Court must examine: "(1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment." Id. at 159.

Here, the State concedes that plaintiff is a qualified individual with a disability. See State's Mem. in Supp. of Mot. Dismiss at 6-7. It is unclear, however, from plaintiff's complaint and subsequent filings as to what extent the State's conduct

Page 13- OPINION AND ORDER

allegedly violated the ADA and/or the Due Process clause of the Fourteenth Amendment. This is because plaintiff does not identify the capacity in which she was participating in her son's juvenile proceedings - i.e. as his guardian ad litem, as a witness for or against him, or as an observer. See Am. Compl. ¶¶ 26, 57; see also Pl.'s Resp. to State's Mot. to Dismiss at 12, 15, 19-22, 32-33, 39. The nature of her son's juvenile hearings is also unclear, including whether such proceedings were civil or criminal, or were substantive or merely status-related. Additionally, plaintiff has not alleged that she suffered an actual loss or injury due to her partially reduced ability to listen to these proceedings.

As a result, this Court cannot determine whether plaintiff's participation in the proceedings at issue pertained to a fundamental right protected by the Due Process clause of the Fourteenth Amendment or even involved a violation of the ADA. See Lane, 541 U.S. at 523 (recognizing limited circumstances where the due process clause protects an individual's right of access to the courts); see also Georgia, 546 U.S. at 158-59 (dismissing a plaintiff's pro se complaint where it was "unclear to what extent the conduct underlying [his] constitutional claims also violated Title II"). Therefore, the State's motion is granted as to plaintiff's Title II claim.

    C.   Title I ADA Claim

Plaintiff's Title I claim is barred by the Eleventh Amendment. See Garrett, 531 U.S. at 374. As such, the State's motion is granted as to plaintiff's Title I ADA claim.

### D. Title III ADA Claim

To demonstrate a Title III discrimination claim, a plaintiff must allege: (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) she was denied public accommodations by the defendant because of her disability. <u>Molski v. M.J. Cable, Inc.</u>, 481 F.3d 724, 730 (9th Cir. 2007) (citations omitted). The ADA defines "private entity" as "any entity other than a public entity." 42 U.S.C. § 12181(6). A "public entity" includes "any State or local government." 42 U.S.C. § 12131(1)(A).

The State is not a private entity. In fact, plaintiff acknowledges this fact in her complaint. <u>See</u> Am. Compl. ¶ 23 (describing the State as a "public entit[y]"). Thus, the State's motion is granted as to plaintiff's Title III ADA claim.

### E. Rehabilitation Act Claim

As discussed in section I(A)(I) above, plaintiff failed to allege facts in support of her Rehabilitation Act claim. <u>Compare Lovell</u>, 303 F.3d at 1052 (outlining the elements of a claim under the Rehabilitation Act), <u>with</u> Am. Compl. ¶¶ 67-69. Therefore, the State's motion is granted.

## CONCLUSION

The County's Motion to Dismiss (doc. 50) is GRANTED. The State's Motion to Dismiss (doc. 63) is also GRANTED. Therefore, plaintiff's complaint is DISMISSED as to all claims asserted against the County and the State. Further, WCSD is DISMISSED as a defendant in this action with prejudice.

IT IS SO ORDERED

Dated this 20th of August 2013.

_____
Ann Aiken
United States District Judge