IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ABBY JO OVITSKY,

        Plaintiff,

   v.

STATE OF OREGON, WASHINGTON
COUNTY, WASHINGTON COUNTY
SHERIFF'S DEPARTMENT,
BEAVERTON SCHOOL DISTRICT,
and NEAL EVAN CUTLER,

        Defendants.

Case No. 3:12-cv-02250-AA
O R D E R

AIKEN, Chief Judge:

    Pro se plaintiff Abby Jo Ovitsky filed a "Motion for Rule 65 Emergency Preliminary Injunction and for Rule 11 Sanctions" against defendant the Beaverton School District ("BSD"). Plaintiff's motion is denied.

    Plaintiff is a hearing impaired individual who uses Relay, a service that allows hearing impaired individuals to communicate with others. The communication service works through an operator, who reads what the hearing impaired individual types aloud and will type to the hearing impaired individual what another person speaks in response. From October 2012 through December 2012, plaintiff

Page 1 - ORDER

attended juvenile court hearings regarding her son[1] via Relay, which were presided over by Washington County Judge Michele Rini.

On December 13, 2012, plaintiff filed a complaint in this Court. On April 20, 2013, this Court granted motions to dismiss from defendants Pat Garrett, Judge Rini, Alan Rappleyea, Lynn Schroeder, and the Washington County Sheriff's Department ("WCSD"); the Court also granted plaintiff leave to amend her complaint. On May 14, 2013, plaintiff filed her first amended complaint ("FAC") against the State of Oregon ("State"), Washington County ("County"), WCSD, Neal Cutler Evans, and the BSD, alleging disability discrimination based on Judge Rini's refusal to accommodate a slowdown of the Relay operation to 60 words per minute during her son's juvenile proceedings.[2]

On May 28, 2013, the County filed a motion to dismiss on behalf of itself and WCSD. On June 27, 2013, the State filed a motion to dismiss. On August 20, 2013, this Court granted the County's and the State's motions to dismiss without prejudice; WCSD was also dismissed as a defendant from this action with prejudice. On August 22, 2013, plaintiff appealed that decision to the Ninth Circuit Court of Appeals.

On August 30, 2013, the BSD moved to dismiss plaintiff's FAC. On September 8, 2013, plaintiff filed the motion at bar for a "Rule

---

[1] At the time, plaintiff's son was a minor, although he is currently eighteen years of age. See Pl.'s Resp. to Mot. Dismiss & Mot. for Prelim. Inj. 8 n.3.

[2] While difficult to decipher, plaintiff's claims are also based on several other discrete factual scenarios that took place between May 2012 and December 2012, including BSD's alleged failure to supply her son with "reasonable public accommodation in a timely manner, to wit, an AlphaSmart, requested in August 2011, was given to him some time in November 2011." FAC ¶ 46.

Page 2 - ORDER

65 Emergency Preliminary Injunction" and "Rule 11 Sanctions," requesting relief based on events that transpired between plaintiff, her son, and the BSD from June 2013, through September 2013. Specifically, plaintiff asserts that, despite the fact that the BSD agreed to provide her son with a "FM System" as an accommodation for his hearing impairment, which was diagnosed in June 2013, it has yet to do so and, further, is requiring a meeting prior to doing so. As a result, plaintiff seeks to: (1) "enjoin the [BSD] from implementing a required 'meeting' [on September 9, 2013] without the required accessible communication accommodation for deaf"; and (2) "impose sanctions in the amount of $100 for each day of intentional delay" caused by BSD in furnishing the FM System. Pl.'s Resp. to Mot. Dismiss & Mot. for Prelim. Inj. 5, 23. Plaintiff also requests leave to amend her complaint in order to add her son as a plaintiff in this action.

Initially, the Court notes that plaintiff's pleadings appear to be, at least in part, a response to BSD's motion to dismiss. See, e.g., id. at 8 n.3. Motions, however, "may not be combined with any response, reply, or other pleading." LR 7-1(b). Even assuming that her filing could be construed as a separate motion, plaintiff failed to specify whether she conferred with BSD. See LR 7-1(a) (the court may "deny any motion that fails" to certify that the moving party conferred with opposing counsel in "a good faith effort . . . to resolve the dispute, and [are] unable to do so").

Further, the factual assertions upon which plaintiff's motion is premised transpired between June 2013 and September 2013. Plaintiff's FAC, filed on May 14, 2013, clearly does not contain allegations regarding these events. Accordingly, in order to be

Page 3 - ORDER

actionable, plaintiff would need to either file a motion to amend her complaint in order to add allegations regarding these circumstances or file a new lawsuit. Plaintiff has not pursued either of these options, such that these events are not actionable, especially since it is unclear whether the parties conferred.

Moreover, several of plaintiff's allegations do not contain facts indicating that her individual rights were violated by the BSD; rather, they inhere to the rights of her son. See, e.g., Pl.'s Resp. to Mot. Dismiss & Mot. for Prelim. Inj. ¶¶ 32-33. Yet her son is not a named party in this action and did not otherwise appear via a duly appointed representative while under the age of eighteen. Plaintiff lacks standing to pursue claims that are not premised on her own legal rights or interests "for two distinct, but interrelated, reasons." DeMartino v. Marion Cnty., 2013 WL 504603, *3 (D.Or. Feb. 5, 2013).

First, it is well-established that "a guardian or parent may not bring suit in federal court on behalf of a minor without first retaining an attorney." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (citing Johns v. Cnty. of San Diego, 114 F.3d 874, 876-77 (9th Cir. 1997)). Thus, to the extent that plaintiff's motion is based on events that occurred prior to her son's eighteenth birthday, it fails; these claims were not filed on her son's behalf by a guardian ad litem or a duly authorized attorney.

Second, "[a]s a general rule, a third-party does not having standing to bring a claim asserting a violation of someone else's rights." Martin v. Cal. Dep't of Veterans Affairs, 560 F.3d 1042, 1050 (9th Cir. 2009) (citation omitted). An exception exists

Page 4 - ORDER

where, "among other things, there [is] some hindrance to the third party's ability to protect his or her own interests." Id. (citation and internal quotations omitted). Because plaintiff's allegations are premised upon the BSD's wrongful refusal to timely provide reasonable accommodations for her son's hearing impairment, and because plaintiff failed to demonstrate that her son is unable to be his own advocate, especially now that he is legally an adult, this Court lacks subject-matter jurisdiction due to prudential limitations. See, e.g., Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 15-17 (2004) (father lacked prudential standing to bring a claim against a school district on behalf of his daughter).

Simply put, federal courts are courts of limited jurisdiction and plaintiff failed to provide this Court with any basis that would allow her to assert claims on behalf of her son. The Court acknowledges, however, that plaintiff requests leave to amend her complaint in order to add her son as a plaintiff.[3] Plaintiff's son has not filed any motion or other pleading indicating an interest to participate in this lawsuit. The Court also notes that plaintiff neglected to address the standards governing amendment and/or permissive joinder. See Fed. R. Civ. P. 15; Fed. R. Civ. P. 20. In addition, as discussed above, plaintiff failed to comply

---

[3] It is unclear whether plaintiff is seeking to add her son as a plaintiff in regard to all claims, even those currently on appeal. Because this Court's August 20, 2013 dismissal was without prejudice, it is questionable whether the Ninth Circuit will address plaintiff's appeal on the merits. See Cooper v. Ramos, 704 F.3d 772, 776-77 (9th Cir. 2012) ("ordinarily, an order dismissing a complaint rather than dismissing the action is not a final order and thus not appealable") (citation and internal quotations omitted). In any event, this Court is without jurisdiction over those claims pending appeal. See Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772 (9th Cir.), cert. denied, 479 U.S. 987 (1986).

Page 5 - ORDER

with LR 7-1. Nonetheless, in light of her pro se status, plaintiff is granted leave to file a motion to amend.

Finally, plaintiff failed to demonstrate that sanctions or a preliminary injunction are warranted. Regarding sanctions, plaintiff has not identified any conduct by an attorney that would be actionable under Fed. R. Civ. P. 11; in fact, the majority of her allegations pertain to actions taken by school administrators. See Ex. to Pl.'s Resp. to Mot. Dismiss & Mot. for Prelim. Inj. (counsel for the BSD informing plaintiff that "I am not authorized to act as the District's representative for the Section 504 plan or any other education issues relating to [your son] . . . [y]ou will need to communicate with Aloha High School Principal Kenneth Yarnell, who I am cc'ing on this email"). Accordingly, plaintiff's request for sanctions is denied.

Regarding equitable relief, a preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. Winter v. Natural Res. Def. Council Inc., 555 U.S. 7, 24 (2008). In other words, the plaintiff bears the burden of establishing his or her entitlement to such relief and the court cannot issue a preliminary injunction without engaging in the requisite four-factor analysis. Id. at 20-24; see also N. Cheyenne Tribe v. Norton, 503 F.3d 836, 844 (9th Cir. 2007). Here, plaintiff did not provide any argument or evidence evincing that: (1) she was likely to succeed on the merits; (2) she would likely suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and/or (4) an injunction is in the public interest. See generally Pl.'s Resp. to Mot. Dismiss & Mot. for Prelim. Inj.; see

Page 6 - ORDER

also Pimentel v. Dreyfus, 670 F.3d 1096, 1105 (9th Cir. 2012) (outlining four elements of a preliminary injunction) (citing Winter, 555 U.S. at 20). Therefore, plaintiff's motion is denied.

## CONCLUSION

Plaintiff's "Motion for Rule 65 Emergency Preliminary Injunction and for Rule 11 Sanctions" (doc. 80) is DENIED. Remaining at issue in this case is the BSD's motion to dismiss. Any response to that motion is due within 30 days of the date of this order. Likewise, any motion to amend the FAC is due within 30 days of the date of this order.

IT IS SO ORDERED

Dated this 16th of September 2013.

_____
Ann Aiken
United States District Judge