IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ABBY JO OVITSKY,

        Plaintiff,

   v.

STATE OF OREGON, WASHINGTON
COUNTY, WASHINGTON COUNTY
SHERIFF'S DEPARTMENT,
BEAVERTON SCHOOL DISTRICT,
and NEAL EVAN CUTLER,

        Defendants.

Case No. 3:12-cv-02250-AA
OPINION AND ORDER

---

Abby Jo Ovitsky
6900 S.W. 195th Avenue #133
Beaverton, Oregon 97007
    Pro se plaintiff

Naomi Levelle Haslitt
Miller Nash LLP
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon 97204
    Attorney for defendant Beaverton School District

Ellen F. Rosenblum
Attorney General
Michael R. Washington
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301
    Attorneys for defendant John Kitzhaber

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendant Beaverton School District ("BSD") moves to dismiss pro se plaintiff Abby Jo Ovitsky's claims pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, BSD's motion is granted.

## BACKGROUND

Plaintiff suffers from an auditory processing disorder and uses Relay, a service that allows hearing impaired individuals to communicate with others. This service works through an operator, who reads what the hearing impaired individual types aloud and then types to the hearing impaired individual what another person speaks in response.

Over two years ago, on December 13, 2012, plaintiff brought a lawsuit against Washington County Victim Assistance, the Washington County Sheriffs Department ("WCSD"), Washington County Judge Michele Rini, the Washington County Circuit Court, and the Juvenile Justice Department. On January 7, 2013, the Court granted plaintiff's motion to proceed in forma pauperis ("IFP"). On April 20, 2013, defendants Pat Garrett, Judge Rini, Alan Rappleyea, Lynn Schroeder, and WCSD were dismissed from this lawsuit; the Court also granted plaintiff leave to amend her complaint.

On May 14, 2013, plaintiff filed her first amended complaint ("FAC") against the State of Oregon ("State"), Washington County ("County"), WCSD, Neal Cutler Evans, and BSD, alleging disability discrimination under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and Oregon statutory law, at which time she requested appointment of pro bono counsel. The FAC is premised, in part, on her son's 2012 juvenile

Page 2 - OPINION AND ORDER

hearing, during which Judge Rini allegedly refused to accommodate a slowdown of the Relay operation to 60 words per minute; as a result, the parties were speaking too quickly for plaintiff to listen and understand.[1]

On May 28, 2013, the County filed a motion to dismiss on behalf of itself and WCSD. On June 27, 2013, the State filed a motion to dismiss. On August 20, 2013, this Court granted the County's and the State's motions without prejudice, and dismissed WCSD as a defendant from this action with prejudice. See Ovitsky v. Oregon ("Ovitsky I"), 2013 WL 4505832 (D.Or. Aug. 20, 2013). On August 22, 2013, plaintiff appealed that decision to the Ninth Circuit Court of Appeals.

On August 30, 2013, BSD moved to dismiss plaintiff's FAC. On September 9, 2013, plaintiff filed a single motion for a "Rule 65 Emergency Preliminary Injunction" and "Rule 11 Sanctions," requesting relief based on events that transpired between plaintiff, her son, and BSD from June 2013, through September 2013. In relevant part, plaintiff sought to prevent a meeting that was scheduled for later that day to execute a § 504 plan and provide plaintiff's son with a FM System as an accommodation for his hearing impairment, which was diagnosed in June 2013. Ultimately, the September 9, 2013 meeting took place as scheduled, however, plaintiff elected not to attend.

---

[1] While difficult to decipher, plaintiff's FAC is also based on several other discrete factual scenarios that transpired in 2012. See generally FAC. These circumstances include, but are not limited to, a 911 call plaintiff placed with the County and job applications plaintiff filed with the State; it is unclear whether and/or how these events relate to her son's juvenile proceedings.

Page 3 - OPINION AND ORDER

On September 16, this Court denied plaintiff's Fed. R. Civ. P. 11 and Fed. R. Civ. P. 65 motion, finding in part that plaintiff failed to confer pursuant to LR 7-1, and that her motion was premised on the rights of a third-party and events that transpired after the FAC was filed. See Ovitsky v. Oregon ("Ovitsky II"), 2013 WL 5253162 (D.Or. Sept. 16, 2013). On October 16, 2013, plaintiff filed an opposition to BSD's motion to dismiss, based entirely on a new factual scenario - namely, the allegedly discriminatory practices on display during the September 9, 2013 meeting between BSD and her son. Plaintiff then requested leave to amend the FAC in order to add her son as a plaintiff and the recent factual developments; she also sought appointment of pro bono counsel and class certification. That same day, plaintiff separately moved to file yet another amended complaint, requesting identical relief.

On October 18, 2013, the Court denied plaintiff's motion to amend, with leave to refile in accordance with LR 7-1 and LR 15. On October 22, 2013, the Ninth Circuit dismissed plaintiff's appeal for lack of jurisdiction. On November 18, 2013, without leave from the Court or consent from the opposing party, plaintiff filed a second amended complaint ("SAC") against BSD, Jerry Brown, and John Kitzhaber, alleging claims under 42 U.S.C. § 1983; Title II of the ADA, 42 U.S.C. § 12132; the Rehabilitation Act, 29 U.S.C. § 794; and Or. Rev. Stat. § 659A.142.[2] The SAC abandoned several theories

---

[2] Although she misidentifies the statute in both the FAC and the SAC, plaintiff's pleadings and opposition indicate that her Oregon disability discrimination claim is alleged under Or. Rev. Stat. § 659A.142, the state statute that parallels the ADA. See FAC pg. 22; SAC pg. 24-25; see also Quesnoy v. Oregon, 2011 WL 5439103, *1 (D.Or. Nov. 4, 2011).

Page 4 - OPINION AND ORDER

of liability asserted in the FAC and instead focused primarily on events surrounding the September 9, 2013 meeting. On December 5, 2013, BSD filed a supplement to its motion to dismiss, addressing the new allegations raised in the SAC; despite express permission from the Court, plaintiff did not file a supplemental response to BSD's updated motion.

## STANDARDS OF REVIEW

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

## DISCUSSION

BSD argues that plaintiff's claims should be dismissed on a number of grounds. Initially, BSD contends that the SAC should be stricken, leaving the FAC as the dispositive pleading, because plaintiff failed to obtain leave of the Court or BSD's consent to file the SAC. BSD further notes that, in filing the SAC, plaintiff

Page 5 - OPINION AND ORDER

failed to comply with LR 7-1 and LR 15. In the alternative, BSD asserts that both the FAC and SAC fail to state a claim under 42 U.S.C. § 1983, Title II of the ADA, the Rehabilitation Act, or Or. Rev. Stat. § 659A.142.

I. Dispositive Pleading

Where, as here, more than 21 days have elapsed since service of the complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Pursuant to this subsection, "[t]he court should freely give leave when justice so requires." Id.; see also Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997) (outlining the factors to be considered in determining whether a motion to amend should be granted).

Plaintiff violated Fed. R. Civ. P. 15(a)(2) when she neglected to obtain leave from the Court or BSD's consent to add new claims and defendants. Further, in direct contravention of this Court's repeated orders, plaintiff made no attempt to conform the SAC with the requirements of LR 7-1 or LR 15. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by Lacey v. Maricopa Cnty., 693 F.2d 896 (9th Cir. 2012) ("[p]ro se litigants must follow the same rules of procedure that govern other litigants"). Notably, plaintiff "did not confer with the School District's counsel before filing the second amended complaint" and her SAC "is not accompanied by a motion explaining the changes to the complaint." BSD's Supplement to Mot. Dismiss 2; see also LR 7-1(a) ("[t]he Court may deny any motion that fails" to specify, with the first paragraph, that "[t]he parties made a good faith effort . . . to resolve the dispute and have been unable to do so; or the

Page 6 - OPINION AND ORDER

opposing party willfully refused to confer"); LR 15(c) ("any party moving for leave to file an amended or supplemental pleading must describe the proposed changes" in the accompanying motion).

Despite the aforementioned deficiencies, the Court would consider the SAC, in the interest of judicial economy, if the proposed amendments were not also futile. See Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 (9th Cir. 2009) ("futility of amendment alone can justify the denial of a motion [to amend]"). Plaintiff's SAC, however, fails to state a claim.

Beyond being vague and/or conclusory, the SAC does not articulate the deprivation of a federal constitutional or statutory right sufficient to sustain a 42 U.S.C. § 1983 claim.[3] Moreover, concerning her ADA, Rehabilitation Act, and Or. Rev. Stat. § 659A.142 claims, plaintiff does not identify a BSD service, program, or activity that she was qualified for and denied access to. See Ovitsky I, 2013 WL 4505832 at *2-3 (outlining the elements of a Title II ADA and Rehabilitation Act claims) (citing Lovell v.

---

[3] The SAC includes an "Access to Administrative Due Process Hearings" section, in which plaintiff cites to Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980), in support of the proposition that "[t]he Fourteenth Amendment protects the rights of civil litigants, criminal defendants, and members of the public to have access to courts." SAC pg. 26. Because 42 U.S.C. § 1983 cannot be utilized to vindicate rights created by Title II of the ADA or § 504 of the Rehabilitation Act, this is the only allegation that identifies an actionable federal statutory or constitutional right. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002), cert. denied, 537 U.S. 1104 (2003). Plaintiff, however, does not refer to any court or administrative proceeding that she either requested or had a legal right to participate in and was denied access to, including the September 9, 2013 meeting that she chose not to attend. The Court notes, while not dispositive, due process hearings under the Rehabilitation Act are generally not available to parents in this context, given that plaintiff does not challenge BSD's assessment of her son's impairment or the sufficiency of the § 504 plan.

Page 7 - OPINION AND ORDER

Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); and Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002), cert. denied, 538 U.S. 921 (2003)); see also Glass v. Hillsboro Sch. Dist. 1J, 142 F.Supp.2d 1286, 1289-92 (D.Or. 2001) (parents do not have valid associational discrimination claims under the ADA or the Rehabilitations Act if those claims are focused on supporting their minor child's educational rights).

These shortcomings are attributable, in part, to plaintiff's claims that are based primarily upon BSD's alleged failure to expediently provide reasonable accommodations for her son's hearing impairment and accessible communication to him at the September 9, 2013 meeting. See, e.g., SAC pg. 16-18. In other words, plaintiff's SAC is based almost entirely on the rights of a third-party. As this Court previously explained, however, plaintiff lacks standing to pursue claims that are not premised on her own legal rights or interests, absent express statutory authorization to the contrary.[4] Ovitsky II, 2013 WL 5253162 at *2 (citations

---

[4] For instance, the Individuals with Disabilities Education Act ("IDEA") affords parents an independent and enforceable right to the substantive adequacy of their child's education, which may be litigated pro se in federal court. See Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 533 (2007). Plaintiff, however, has not alleged facts illustrating her son was eligible under the IDEA. See generally SAC, FAC; see also D.R. ex rel. Courtney R. v. Antelope Valley Union High Sch. Dist., 746 F.Supp.2d 1132, 1141-42 (C.D.Cal. 2010) ("when related services and accommodations allow a student to make progress in the regular education program . . . there is no need for special education and therefore no eligibility under the IDEA") (citations and internal quotations omitted).
    Further, because plaintiff's son is legally an adult, cases suggesting that pro se parents have standing to pursue claims on behalf of their minor child under the Rehabilitation Act or Title II of the ADA are distinguishable. See Blanchard v. Morton Sch. Dist., 509 F.3d 934, 938 (9th Cir. 2007), cert. denied, 552 U.S. 1231 (2008) (under Winkelman, a pro se parent was "a proper plaintiff [to bring Rehabilitation Act and ADA claims], at least

Page 8 - OPINION AND ORDER

omitted). Plaintiff's son is over the age of eighteen and, therefore, if he seeks redress for the injuries alleged in plaintiff's complaint, he may proceed pro se on his own behalf. See 28 U.S.C. § 1654; see also C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) ("[a]lthough a non-attorney may appear in propria persona in his own behalf . . . [h]e has no authority to appear as an attorney for others than himself") (citations omitted).

The Court acknowledges that plaintiff lists her son as a party in the SAC. Yet the SAC was clearly authored solely by plaintiff and bears only her signature. See SAC pg. 41. Thus, the fact remains that "plaintiff's son has not filed any motion or other pleading indicating an interest to participate in this lawsuit" and there is otherwise no indication that he is unable to act as his own advocate. Ovitsky II, 2013 WL 5253162 at *2. Under these circumstances, plaintiff is acting as an improper representative for her son. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). Accordingly, plaintiff's SAC claims against BSD

---

insofar as she is asserting and enforcing the rights of her [minor] son and incurring expenses for his benefit"); but see J.R. ex rel. W.R. v. Sylvan Union Sch. Dist., 2008 WL 682595, *1 (E.D.Cal. Mar. 10), adopted by 2008 WL 2345103 (E.D.Cal. June 5, 2008) ("Winkelman does not accord these parents the right to pursue non-IDEA claims on behalf of J.R. because the general rule remains that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer") (citations and internal quotations omitted). In addition, the central tenant underlying plaintiff's complaint is that, due to her auditory processing disorder, others should be required to communicate with her in accordance with her preferences - i.e. remotely and in writing. See, e.g., SAC pg. 37 ("no talking, no meetings, no phones. Use relay or email for all communications"). Yet, based on the record before the Court, it is questionable whether plaintiff's son requests the same accommodations or finds the same behavior objectionable. See, e.g., Pl.'s Mot. for Prelim. Inj. Exs., at 3, 8-9.

Page 9 - OPINION AND ORDER

fail both at the pleadings level and as a matter of law.

Regarding John Kitzhaber and Jerry Brown, plaintiff's addition of these defendants is a misjoinder. These claims do not arise out of the same "transaction, occurrence, or series of transactions or occurrences" as those asserted against BSD in either the FAC or the SAC and no common question of law or fact arises as to all defendants. See Fed R. Civ. P. 20(a)(2). Plaintiff's claims against Jerry Brown and John Kitzhaber in the SAC concern the alleged failure of the States of California and Oregon, respectively, to implement "any 911 access policy for deaf who need to use a form of language that is different from spoken English," whereas, as discussed above, plaintiff's claims against BSD relate to her son's right to reasonable accommodations and her mistaken belief that the September 9, 2013 meeting was an administrative proceeding and/or due process hearing. SAC pg. 5. Essentially, allowing plaintiff to add Jerry Brown and John Kitzhaber as defendants would result in the initiation of a new lawsuit. See Thomas v. FV-1, Inc., Case No. 6:11-cv-06058-AA, Opinion & Order pg. 7 (D.Or. Aug. 5, 2012) (denying plaintiff's motion to amend where "the proposed amendments arise out of a discrete incident, depend on a different legal theory, and involve a different party").

In addition, plaintiff's claims against John Kitzhaber and Jerry Brown suffer from many of the same defects as those raised against BSD - namely, they are vague, conclusory, and lack a cognizable legal theory. See 28 U.S.C. § 1915(e)(2)(B) (court must dismiss an IFP complaint sua sponte if it "is frivolous or malicious" or "fails to state a claim on which relief may be

Page 10- OPINION AND ORDER

granted"); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). For these reasons, plaintiff's SAC is stricken, leaving the FAC as the dispositive pleading for the purposes of BSD's motion to dismiss.

II.  The BSD's Motion to Dismiss the FAC

Plaintiff's 78-paragraph FAC contains only four factual allegations against BSD: (1) BSD "unreasonably delayed investigating" an incident of alleged assault of plaintiff by her son in their home; (2) BSD failed to provide "reasonable public accommodation [to her son] in a timely manner" based on the periods during which the BSD responded to requests for an AlphaSmart laptop and an audiologist appointment; (3) a Relay operator transcribed a single occurrence of "laughter" during a phone conversation between plaintiff and a BSD representative; and (4) BSD does not have an "ADA enforcement policy in relation to deaf using relay services." FAC ¶¶ 40, 46-48.

   A.  42 U.S.C. § 1983 Claim

To state a claim under 42 U.S.C. § 1983 against a government entity, the plaintiff must allege that: (1) the conduct complained of deprived her of an existing federal constitutional or statutory right; (2) the conduct was committed by a person acting under color of state law; and (3) a direct causal link between a governmental policy, custom, or practice and the alleged constitutional or statutory violation. See West v. Atkins, 487 U.S. 42, 48 (1988); Ovitsky I, 2013 WL 4505832 at *2-3 (citing Monell v. Dep't of Soc. Serv. of City of N.Y., 436 U.S. 658, 694 (1978)). A single constitutional deprivation is generally insufficient to establish a government practice or custom. Christie v. Iopa, 176 F.3d 1231,

Page 11- OPINION AND ORDER

1235 (9th Cir. 1999) (citing <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996)). Accordingly, the circumstances in which a governing body may be liable under 42 U.S.C. § 1983 are "carefully circumscribed." <u>Fuller v. City of Oakland</u>, 47 F.3d 1522, 1534 (9th Cir. 1995).

Here, BSD's alleged lack of a written policy relating to Relay calls and failure to investigate plaintiff's assault complaint against her son do not address any constitutional or statutory deprivations. Likewise, a transcribed occurrence of laughter during a Relay conversation is inadequate for the purposes of § 1983 liability. Plaintiff's remaining allegations impermissibly relate to BSD's failure to provide reasonable accommodations to her son. See <u>Fagone v. Ellison</u>, 2013 WL 314356, *4 (E.D.Cal. Jan. 25, 2013) (dismissing plaintiff's § 1983 claim based on alleged harm to son's rights). Further, as this Court observed previously, the FAC does not contain any allegations concerning the existence of a government policy, custom, or practice that caused a violation of plaintiff's rights.[5] See <u>Ovitsky I</u>, 2013 WL 4505832 at *3. Accordingly, BSD's motion is granted as to plaintiff's 42 U.S.C. § 1983 claim.

---

[5] Plaintiff attempts to remedy some of these defects via her response to BSD's motion to dismiss. <u>See, e.g.</u>, Pl.'s Resp. to BSD's Mot. Dismiss 29-30. Yet "'new' allegations contained in the [plaintiff's] opposition motion . . . are irrelevant for Rule 12(b)(6) purposes . . . a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." <u>Schneider v. Cal. Dep't of Corr.</u>, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) (citation omitted). Regardless, even construing plaintiff's opposition as a supplement to the FAC, because it is nearly identical to the SAC, dismissal remains appropriate.

Page 12- OPINION AND ORDER

B.  Rehabilitation Act, Title II ADA, and Or. Rev. Stat. § 659A.142 Claims

In order to establish a claim of disability discrimination under Title II of the ADA, the Rehabilitation Act, or Or. Rev. Stat. § 659A.142, a plaintiff must allege that: (1) she "is an individual with a disability"; (2) she "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities"; (3) she "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"; and (4) "such exclusion, denial of benefits, or discrimination was by reason of [her] disability." Thompson, 295 F.3d at 895; Lovell, 303 F.3d at 1052; see also Or. Rev. Stat. § 659A.142 (making it unlawful for the state government or a place of public accommodation "to exclude an individual from participation in or deny an individual the benefits of the services, programs or activities . . . or to make any distinction, discrimination or restriction because the individual has a disability"); Quesnoy, 2011 WL 5439103 at *6 (analyzing disability discrimination claims under Or. Rev. Stat. § 659A.142 and the ADA coterminously).

Plaintiff's FAC states only that she is handicapped within the meaning of these statutes. She does not, and cannot, allege that she is qualified for the benefits sought - i.e. an AlphaSmart and audiologist evaluation - because she is not a student of BSD. In other words, the requested benefits, which were ultimately provided to her son, arise solely from his right to a free public education. Additionally, although plaintiff asserts that BSD does not have a

Page 13- OPINION AND ORDER

policy relating to the use of Relay services, she does not allege that these events caused a deprivation of her rights; to the contrary, the FAC indicates that plaintiff was in regular contact with BSD, both by email and over Relay. See FAC Exs. C & E; see also <u>Green v. Tri-Cnty. Metro. Transp. Dist. of Or.</u>, 909 F.Supp.2d 1211, 1221 (D.Or. 2012) (school district cannot be liable under the ADA for its training policies unless alleged deficiencies in those policies actually cause a deprivation of rights).

Moreover, a delay in investigating student perpetrated in-home violence or an isolated incident of laughter, for an unknown reason by an unknown individual, during a Relay conversation are insufficient to support a disability discrimination claim, especially since it is unclear from the FAC whether the allegedly wrongful conduct was attributable to BSD. In sum, even under the lesser standard governing pro se pleadings, "vague and conclusory allegations such as these are insufficient to survive a motion to dismiss." <u>Ovitsky I</u>, 2013 WL 4505832 at *4 (citation omitted). Therefore, the BSD's motion is granted.

III. <u>Appointment of Counsel</u>

Finally, plaintiff's request for appointment of pro bono counsel is denied. Although courts have no authority to compel counsel to represent indigent plaintiffs in civil cases, they "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e). Nevertheless, the appointment of counsel "is discretionary, not mandatory," and reserved for "exceptional circumstances." <u>United States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 569 (9th Cir. 1995) (citations omitted). In determining whether a plaintiff has demonstrated the existence of

Page 14- OPINION AND ORDER

exceptional circumstances, the court evaluates the likelihood of success on the merits and the plaintiff's ability to articulate claims pro se in light of the case's legal complexity. Id.

Plaintiff has not established that she is entitled to such assistance in the case at bar, as her pleadings and brief are silent as to the likelihood of success on the merits or the complexity of the legal issues involved. See generally FAC; Pl.'s Resp. to BSD's Mot. Dismiss. An independent review of the record reveals that, for the reasons discussed above, neither element warrants appointment of counsel. Thus, plaintiff's request is denied.

## CONCLUSION

BSD's motions to strike the SAC and dismiss the FAC (docs. 78, 93) are GRANTED. As a result, plaintiff's motion for default judgment against Jerry Brown (doc. 98), Jerry Brown's motion to quash ineffective service (doc. 99), and John Kitzhaber's motion for joinder in BSD's motion to dismiss (doc. 103) are DENIED as moot. Any motion to amend the FAC is due within 20 days of the date of this opinion and must be filed in accordance with this Court's orders, as well as the federal and local rules of civil procedure; failure to do so will result in automatic denial of that motion and dismissal of this lawsuit with prejudice.

IT IS SO ORDERED

Dated this __3RD__ of February 2014.

_____
Ann Aiken
United States District Judge