IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ABBY JO OVITSKY,                         Case No. 3:12-cv-02250-AA
                                         OPINION AND ORDER
        Plaintiff,

        v.

STATE OF OREGON, WASHINGTON
COUNTY, WASHINGTON COUNTY
SHERIFF'S DEPARTMENT,
BEAVERTON SCHOOL DISTRICT,
and NEAL EVAN CUTLER,

        Defendants.

---

Abby Jo Ovitsky
6900 S.W. 195th Avenue #133
Beaverton, Oregon 97007
        Pro se plaintiff

Naomi Levelle Haslitt
Miller Nash LLP
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon 97204
        Attorney for defendant Beaverton School District

Ellen F. Rosenblum
Attorney General
Michael R. Washington
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301
        Attorneys for defendant John Kitzhaber

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Abby Jo Ovitsky moves for reconsideration of the Court's February 3, 2014, opinion and order ("Opinion"). Plaintiff also requests leave to file a third amended complaint ("TAC"). For the reasons set forth below, plaintiff's motion is denied and this case is dismissed.

## BACKGROUND

Plaintiff suffers from an auditory processing disorder and uses Relay, a service that allows hearing impaired individuals to communicate with others. This service works through an operator, who reads what the hearing impaired individual types aloud and then types to the hearing impaired individual what another person speaks in response.

On December 13, 2012, plaintiff brought a lawsuit against Washington County Victim Assistance, the Washington County Sheriffs Department ("WCSD"), Washington County Judge Michele Rini, the Washington County Circuit Court, and the Juvenile Justice Department. On April 20, 2013, defendants Pat Garrett, Judge Rini, Alan Rappleyea, Lynn Schroeder, and WCSD were dismissed from this lawsuit; the Court also granted plaintiff leave to amend her complaint. Ovitsky v. Wash. Cnty. Victim Assistance ("Ovitsky"), 2013 WL 1767946, *2-5 (D.Or. Apr. 20, 2013)

On May 14, 2013, plaintiff filed her first amended complaint ("FAC") against the State of Oregon ("State"), Washington County ("County"), WCSD, Neal Evan Cutler, and the Beaverton School District ("BSD"), alleging disability discrimination under 42

Page 2 - OPINION AND ORDER

U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and Oregon statutory law. The FAC is premised, in part, on her son's 2012 juvenile hearings, during which Judge Rini allegedly refused to accommodate a slowdown of the Relay operation to 60 words per minute; as a result, the parties were speaking too quickly for plaintiff to understand.[1]

On May 28, 2013, the County filed a motion to dismiss the FAC on behalf of itself and WCSD. On June 27, 2013, the State filed a motion to dismiss the FAC. On August 20, 2013, this Court granted the County's and the State's motions without prejudice, and dismissed WCSD as a defendant from this action with prejudice. Ovitsky v. Oregon ("Ovitsky I"), 2013 WL 4505832, *7 (D.Or. Aug. 20, 2013). On August 22, 2013, plaintiff appealed that decision to the Ninth Circuit Court of Appeals.

On August 30, 2013, BSD moved to dismiss plaintiff's FAC. On September 9, 2013, plaintiff filed a single motion for a "Rule 65 Emergency Preliminary Injunction" and "Rule 11 Sanctions," requesting relief based on events that transpired between plaintiff, her son, and BSD from June 2013, through September 2013. In relevant part, plaintiff sought to prevent a meeting that was scheduled for later that day to execute a plan under § 504 of the Rehabilitation Act and provide plaintiff's son with a FM System as an accommodation for his hearing impairment, which was diagnosed in

---

[1] The FAC is based on several other discrete factual scenarios that transpired in 2012, including, but not limited to, a 911 call plaintiff placed with the County and job applications plaintiff filed with the State.

Page 3 - OPINION AND ORDER

June 2013. Ultimately, the September 9, 2013, meeting took place as scheduled; however, plaintiff did not attend.

On September 16, 2013, the Court denied plaintiff's motion for an injunction and sanctions, finding that she failed to confer pursuant to LR 7-1, and that her motion was premised on the rights of a third-party and events that transpired after the FAC was filed. Ovitsky v. Oregon ("Ovitsky II"), 2013 WL 5253162, *2-3 (D.Or. Sept. 16, 2013). On October 16, 2013, plaintiff filed an opposition to BSD's motion to dismiss the FAC, based entirely on a new factual scenario – notably, the allegedly discriminatory practices on display prior to and during the September 9, 2013, meeting between BSD and her son – and requested leave to amend in order to add her son as a plaintiff and the recent factual developments. That same day, plaintiff separately moved to file yet another amended complaint, requesting identical relief.

On October 18, 2013, the Court denied plaintiff's motion to amend, with leave to re-file in accordance with LR 7-1 and LR 15. On October 22, 2013, the Ninth Circuit dismissed plaintiff's appeal for lack of jurisdiction. On November 18, 2013, without leave from the Court or consent from the opposing party, plaintiff filed a second amended complaint ("SAC") against BSD, Jerry Brown, and John Kitzhaber, alleging claims under 42 U.S.C. § 1983, the ADA, the Rehabilitation Act, and Or. Rev. Stat. § 659A.142. The SAC abandoned several theories of liability asserted in the FAC and instead focused largely on events surrounding the September 9, 2013, meeting. On December 5, 2013, BSD filed a supplement to its

Page 4 - OPINION AND ORDER

motion to dismiss, addressing the new allegations raised in the SAC. Despite express permission from the Court, plaintiff did not respond to BSD's updated motion.

On February 3, 2014, the Court granted BSD's motion to dismiss the FAC and SAC, and reiterated that plaintiff cannot premise claims on the rights of her adult son or file an amended complaint without first complying with Fed. R. Civ. P. 15(a), LR 15, and LR 7-1. Ovitsky v. Oregon ("Ovitsky III"), 2014 WL 412423, *6 (D.Or. Feb. 3, 2014). The Court also outlined several pleading deficiencies relating to the substantive merits of plaintiff's claims and specified that failure to comply with the Court's previous orders would result in automatic denial of any future motion to amend and dismissal of this lawsuit with prejudice. On February 24, 2014, plaintiff requested reconsideration of the Opinion and sought leave to file the TAC against BSD, Jerry Brown, John Kitzhaber, and Neal Evan Cutler.

## STANDARD OF REVIEW

Where a pro se party seeks reconsideration "nomenclature is not controlling . . . [t]he court will construe [the motion for reconsideration], however styled, to be the type proper for the relief requested." Miller v. Transam. Press, Inc., 709 F.2d 524, 527 (9th Cir. 1983). A plaintiff may file a Fed. R. Civ. P. 59(e) motion to amend a judgment within 28 days of entry, which "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the

Page 5 - OPINION AND ORDER

controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted). Under Fed. R. Civ. P. 60(a), a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." Fed. R. Civ. P. 60(a). Lastly, pursuant to Fed. R. Civ. P. 60(b), the court may vacate a final judgment, within a reasonable amount of time, under any of the six circumstances specified as subsections therein. Fed. R. Civ. P. 60(b), (c).

Additionally, leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts apply Fed. R. Civ. P. 15 with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether a motion to amend should be granted, the court generally considers four factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal., 648 F.2d 1252, 1254 (9th Cir. 1981) (citation omitted). Futility of amendment alone can justify denial of a Fed. R. Civ. P. 15 motion. Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 (9th Cir. 2009).

## DISCUSSION

### I. Request for Reconsideration

Plaintiff moves for reconsideration based on this court's "clerical mistakes, oversights, and omissions." Pl.'s Mot. Amend 1. As BSD notes, plaintiff's motion is also premised "on legal determinations that were made by the Court." BSD's Resp. to Mot.

Page 6 - OPINION AND ORDER

Amend 4-5.

The alleged clerical mistakes identified by plaintiff have no impact on the Court's ruling. See Meyer v. Khoury, 2012 WL 3877646, at *2-3 (N.D.Cal. Sept. 6, 2012) (denying a Fed. R. Civ. P. 60(a) motion that was predicated on alleged clerical mistakes that did not alter the outcome of the case) (citing Blanton v. Anzalone, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987)). For example, plaintiff's assertion that the Court mistranscribed Neal Evan Cutler's name as "Neal Cutler Evans" does not effect the this Court's reasoning. Pl.'s Mot. Amend 2. Likewise, the other clerical mistakes that plaintiff pinpoints in the Opinion - i.e. that the Court stated: (1) this lawsuit had been commenced two years ago, when it was actually filed over one year ago; and (2) that she "'appealed [Ovitsky I] to the Ninth Circuit Court of Appeals' [but she only] filed a Notice of Appeal" - are unavailing. Id. at 2-3. Accordingly, to the extent plaintiff's request for reconsideration is based on clerical mistakes that do not effect the underlying judgment, her motion is denied.

The allegedly erroneous legal conclusions that plaintiff outlines are equally without merit. For instance, plaintiff argues that several of the Court's findings, including that her claims are based on other, discrete factual scenarios, are "misleading and wrong." Pl.'s Mot. Amend 4; see also id. at 9 ("the court's discussion [of plaintiff's complaint] is false, plaintiff clearly states a claim"). Yet plaintiff neither invokes a Fed. R. Civ. P. 60(b) subsection nor articulates a basis for relief under Fed. R.

Page 7 - OPINION AND ORDER

Civ. P. 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (denying a motion to reconsider where the plaintiffs "presented no arguments that had not already been raised in opposition" and "did not argue that their case falls within any of [Fed. R. Civ. P. 60(b)'s] exceptions [n]or could they do so successfully"). Beyond plaintiff's disagreement with this court's rulings, she fails to specify how clear error of law or fact was committed.

One issue raised by plaintiff, however, warrants clarification. Plaintiff asserts repeatedly that the "County/Sheriff's failure to respond to 911 call by deaf is the main point of [her] lawsuit," such that the Court erred by not addressing those aspects of her complaint in the Opinion. Pl.'s Mot. Amend 3-5. Similarly, plaintiff contends that the FAC states claims against Judge Rini, the County, and/or the State. Id. at 7-8, 11. Plaintiff's arguments ignore the fact that these parties were dismissed from this action as defendants. Ovitsky, 2013 WL 1767946 at *2-5; Ovitsky I, 2013 WL 4505832 at *2-4, 7. Plaintiff seemingly recognizes that these individuals or entities are no longer parties to this lawsuit, as she neither lists them as defendants nor amends the related factual allegations in the SAC or TAC. In other words, the County's, the WCSD's, the State's, and Judge Rini's alleged actions are not actionable at this stage in the proceedings. Therefore, plaintiff's request for reconsideration is denied.

Page 8 - OPINION AND ORDER

## II. Motion to Amend

Plaintiff's TAC contains allegations virtually identical to those asserted in the SAC, with the only material difference being that she incorporates her arguments regarding reconsideration and alleges that defendants' actions also violated her Fourth Amendment rights. Compare generally TAC, with SAC.

Initially, in direct contravention of the Court's repeated orders, plaintiff did not conform her TAC with the requirements of LR 7-1 or LR 15. Specifically, "[p]laintiff did not confer" with BSD and her motion "also does not describe any of the proposed changes that she is seeking to make to the complaint." BSD's Resp. to Mot. Amend 3 (citing LR 7-1; LR 15); see also Ovitsky III, 2014 WL 412423 at *1-4 (citations omitted). Although plaintiff states BSD is "perjurious" and that she did, in fact, satisfy LR 7-1, the record is to the contrary. Pl.'s Reply to Mot. Amend 2. All communications relied on by plaintiff as evidence of conferral are dated before the Opinion or after she filed the present motion. Id. at Ex. A; Pl.'s Mot. Amend Ex. 2. In addition, the majority of these communications do not reflect any attempt to resolve the underlying dispute and are silent as to plaintiff's intent to file a motion or amend her complaint. See generally Pl.'s Mot. Amend Ex. 2.

Further, because the TAC is substantively and factually identical to the SAC, it suffers from the same deficiencies previously identified by the Court. See generally Ovitsky II, 2013 WL 5253162; Ovitsky III, 2014 WL 412423. As such, beyond being

Page 9 - OPINION AND ORDER

vague and/or conclusory, the TAC does not articulate the deprivation of a federal constitutional or statutory right sufficient to sustain a 42 U.S.C. § 1983 claim. Moreover, concerning her ADA, Rehabilitation Act, and Or. Rev. Stat. § 659A.142 claims, plaintiff does not identify a BSD service, program, or activity that she was qualified for and denied access to. Instead, the TAC's claims are, in relevant part, based upon BSD's alleged failure to expediently provide reasonable accommodations for her son's hearing impairment. While plaintiff contends that her son "read and agreed with [her] complaint," the TAC nonetheless does not list him as a party and it was clearly authored solely by plaintiff, as it bears only her signature. Pl.'s Mot. Amend 17; TAC 24. The Court acknowledges plaintiff's assertion that her son "is not capable of representing himself," however, she fails to demonstrate how or why her son is unable to be his own advocate, especially now that he is legally an adult, as well as a college student. Pl.'s Mot. Amend 1, 17.

To the extent plaintiff seeks to enforce her independent rights under the Individuals with Disabilities Education Act, she still has not alleged facts illustrating her son was eligible under that statute. See Pl.'s Mot. Amend 14-15; TAC 17-18. Finally, the TAC remains deficient as to defendants John Kitzhaber and Jerry Brown. Plaintiff's addition of these defendants continues to be a misjoinder because the allegations related thereto do not arise out of the same "transaction, occurrence, or series of transactions or occurrences" as those asserted against BSD. Fed. R. Civ. P.

Page 10 - OPINION AND ORDER

20(a)(2). According to plaintiff, "[e]ach factual allegation arises out of the same type of transaction: talking at deaf whose primary language is written English or ASL without offering accommodations." Pl.'s Mot. Amend 13. Nevertheless, the TAC does not contain a common question of law or fact pertaining to all defendants; her allegations relating to each individual or entity are distinct in time, place, and manner. Compare, e.g., TAC 12-14 (allegations against BSD arising out of BSD's failure to provide reasonable accommodations to her son during the latter two years of highschool), with id. at 16-17 (allegations against Jerry Brown inhering to "[t]he [California] Department of Motor Vehicles['s] attempt to collect a debt very recently").

In sum, plaintiff's TAC fails to comply with the local rules of civil procedure or to state a claim upon which relief can be granted. The complaint has now gone through several iterations and, with each dismissal, plaintiff received a detailed explanation from the Court regarding deficiencies therein. In each instance of subsequent amendment, however, plaintiff neglected to act in accordance with this Court's previous orders. Under these circumstances, the Court cannot conclude that facts exist entitling plaintiff to relief. For these reasons, as well as for the reasons set forth in Ovitsky, Ovitsky I, Ovitsky II, and Ovitsky III, the proposed amendments are futile. Plaintiff's motion is denied and this lawsuit is dismissed with prejudice.

## CONCLUSION

Plaintiff's motion for reconsideration and leave to amend

(doc. 105) is DENIED. Because plaintiff repeatedly failed to act in accordance with this Court's orders and the federal and local rules of civil procedure, this case is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this _8th_ day of ~~April~~ *May* 2014.

_____
Ann Aiken
United States District Judge